RECEIVED
BY MAIL

AUG 1 1 2016

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI


BILLY G. BIGGS, PRO SE
            PETITIONER,

CASE NO.

1:14CR 20 SNLJ


VS.


UNITED STATES OF AMERICA,
            RESPONDENT.


(SECOND-IN-TIME * 2255)
MOTION TO SUPPORT PETITIONER'S
28 U.S.C. * 2255 MOTION


COMES NOW, BILLY BIGGS, (PETITIONER AND PRO SE), moving
this Honorable Court to adjudicate this instant Motion To
Support Petitioner's 28 U.S.C. * 2255 Motion.


Petitioner Billy G.Biggs IS NOT an attorney and IS NOT
trained, skilled, or educated in the law as an attorney; but
it is the petitioner's good-faith intention to comply with all
the laws, rules, and statutes that are in effect at this time
and all times that the instant case is at bar.


(1)

Petitioner ask that this Honorable Court view this motion with less stringent standards than that of an attorney. SEE HAINES VS. KERNER, 404 U.S. 519 (1972).

## STATEMENT OF THE CASE

Petitioner Billy G.Biggs was convicted of Count I. of the indictment, which charged Biggs AIDED and ABETTED BY CO-DEFENDANTS, COMMITTING THE CRIME OF AIDING and ABETTING THE BURGLARY OF A PHARMACY, in violation of Title 18 U.S.C. * 2118(b) and (c)(1) and 18 U.S.C. * 2, and COUNT II. AIDED and ABETTING THE POSSESSION OF----CONTROLLED SUBSTANCES WITH THE INTENT TO DISTRIBUTE, in violation of 21 U.S.C. * 841(a) (1) and 18 U.S.C. * 2.

## STATEMENT OF THE ISSUE(S)

(I) WHETHER PETITIONER BILLY G.BIGGS IS ENTITLED TO A REDUCTION VIA "MINIMAL OR MINOR ROLE" VIA 3B1.2 OF THE U.S.SENTENCING GUIDELINES, BASED ON THE SENTENCING COMMISSION'S RECENT AMENDMENT, WHICH IS RETROACTIVE ???

(2)

JURISDICTION

This action arises under the U.S. Constitution and the laws of the United States. This Court has Jurisdiction pursuant to Article I, * 9, Clause 2 of the U.S. Constitution, 28 U.S.C. * 2255, 1331.

THE ANTITERRORISM AND DEATH PENALTY ACT/STATUTE LIMITATIONS

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides a one-year limitation period within which federal prisoners challenging their sentence must file * 2255 motions. 28 U.S.C. * 2255(f). Pursuant to AEDPA, this motion is timely, as it is filed within one year of November 1,2015, the date the Sentencing Commission decided UNITED STATES VS. QUINTERO-LEYVA, which held that recent "minor role" is retroactive, because it is a clarifying amendment. It is also timely, because the date on which the right asserted was initially recognized by the Sentencing Commission.

LAW AND ARGUMENT

Under 2255, a prisoner has right to be released upon the grounds that the sentence was imposed in violation of the Constitution or the laws of the United States ; or

(3)

that the court was without Jurisdiction to impose such sentence
or that the sentence was in excess of the maximum authorized by
by. While 2255 motions generally may not be used as vehicles to
create or apply new rules of constitutional law, new interpret-
ations of substantive law may be applied retroactively in a 2255
motion. SEE BOUSLEY VS. UNITED STATES, 523 U.S. 614,620-21 (1998).
BIGGS-- is entitled to relief, because (1) The Sentencing Guide-
lines are no longer mandatory. SEE KIMBROUGH VS. UNITED STATES,
169 L.ED. 2d 481---they are "ADVISORY". The Eighth Court Of
Appeals states that a district court should begin a "sentencing
proceeding" with a correct calculation of the advisory sentencing
guidelines range. SEE UNITED STATES VS. BRAGGS,511 f3d 808
(8th Cir. Jan.7,2008). (2) The advisory sentencing guidelines
range is arrived at after determining the appropriate guidelines
range and evaluting whether any traditional guidelines departures
are warranted. SEE UNITED STATES VS. WASHINGTON, CASE NO(S).
06-3584 & 06-3954 --- 575 f3d 861 (8th Cir. Jan.28,2008).
The court should consider all the factors listed in 18 U.S.C. *
3553(a) to determine whether they support the sentence. SEE BRAGGS
511 f3d 808, The district court may not assume that the guideline
range is reasonable, but instead must make an individualized
assessment based on the facts presented.

(4)

Under 3B1.2 a defendant may qualify for a four (4) level reduc-
tion under minimal participant or a two (2) level reduction as
a minor participant/role. Under both prongs, if he **is** plainly
among the least culpable of those involved and lacks knowlegde
of the scope and structure of the enterprise and activities of
others. SEE UNITED STATES VS. DENTON, 434 f3d 1104 (8th Cir.2006).
A defendant may also receive a two (2) level decrease as a minor
participant, if the defendant is "less culpable than most other
participants" ---but defendant's role could not be descibed as
minimal. SEE ALSO DENTON.

To determine whether a reduction is appropriate,"the sentenc-
ing court compares the acts of each participant in relation to the

relevant conduct for which the participant is held accountable and
measures each participant's individual acts and relative culpabi-
lity against the elements of the offense." SEE JOHNSON VS. UNITED
STATES, 408 f3d 535 (8th Cir.2005).

The (PETITIONER) in the instant case did not use violence,
possess a weapon (GUN) or other dangerous weapon in connection
with the offense, the offense did not result in death, serious
bodily injury to any person.

The (PETITIONER) was'nt an ORGANIZER, LEADER, MANAGER, OR SUPERVISOR OF OTHERS and was'nt engaged in a continuing criminal enterprise and the (PETITIONER) was TRUTHFUL concerning the off-- ense. SEE THE RECORDS.

When taking into consideration as a whole the records show conclusively that petitioner BIGGS was a "MINIMAL OR MINOR PARTICIPANT" in the instant offense. Nothing else in the record can substain other than the fact that petitioner was hired to do a job, A JOB OF ILLEGALITY, but never the less (A JOB), but he was not calling any shot, giving orders, and he never planned any of the instant offense.

In this instant case, which was BURGLARY OF A PHARMACY, the record is ABSTRACT and does not say what role any of the defendant (s) played in the instant offense, consequently, petitioner would submit that it could even fit under being ambiguous and therefore, under the rule of lenity, resolved in the defendant's favor. SEE UNITED STATES VS. BASS, 30 L.ED.2d 488,92 S.CT.515 (1971).

Petitioner BIGGS-- would submit, because he played a "MINIMAL AND/OR MINOR ROLE" in the instant offense, he is entitled to a reduction under 3B1.2 and ask that this Honorable Court GRANT this instant Motion.

In considering a departure from the guidelines sentence, a district court must decide whether the sentencing commission has forbidden, encouraged or discouraged a departure based on a certain feature. SEE KOON VS. UNITED STATES, 518 U.S. 81 --- (135 L.ED. 2d 392) 1996.

If the special factor is an encouraged factor, the court is authorized to depart if the applicable guidelines does not already take it into account. SEE UNITED STATES VS. LIGHTHALL, 389 f3d 791,796 (8th Cir.2004)

Although discouraged factors or encouraged factors already taken into account by the guidelines, do not ordinarily furnish grounds for departure they can form the basis for a departure, if the factors is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factors is present. LIGHTHALL, 389 f3d at 796.

Combine with the lack of the record, to show a mitigating or aggravating facts of the case; the sentencing determination leaves some doubt as to the role ever defendant played in the offense, which creates a mitigating factor that takes this case outside the (HEARTLAND) of cases that the sentencing commission considered when formulating the guidelines applicable to BIGGS'S OFFENSE.

Consequently, the facts presented in connection with BIGGS'S first sentencing differ significantly from back then, because the NEW AMENDED 3B1.2 now states that," A DEFENDANT WHO DOES NOT HAVE A PROPRIETARY INTEREST IN THE CRIMINAL ACTIVITY AND WHO IS SIMPLY BEING PAID TO PERFORM CERTAIN TASKS SHOULD BE CONSIDERED FOR A REDUCTION" AND "THE FACT THAT A DEFENDANT PERFORMS AN ESSENTIAL OR INDISPENSABLE ROLE IN THE CRIMINAL ACTIVITY IS NOT DETERMINATIVE"... The amendment also include a non-exhastive list of factors a court[should] consider in determining whether to apply a minor role reduction. The factors are:

(I) THE DEGREE TO WHICH THE DEFENDANT UNDERSTOOD THE SCOPE AND
    STRUCTURE OF THE CRIMINAL ACTIVITY;
(II) THE DEGREE TO WHICH THE DEFENDANT PARTICIPATED IN PLANNING
    OR ORGANIZING THE CRIMINAL ACTIVITY;
(III) THE DEGREE TO WHICH THE DEFENDANT EXERCISED DECISION-MAKING
    AUTHORITY OR INFLUENCED THE EXERCISE OF DECISION-MAKING;
(IV) THE NATURE AND EXTENT OF THE DEFENDANT'S PARTICIPATION IN THE
    COMMISSION OF THE CRIMINAL ACTIVITY, INCLUDING THE ACTS THE
    DEFENDANT HAD IN PERFORMING THOSE ACTS;
(V) THE DEGREE TO WHICH THE DEFENDANT STOOD TO BENEFIT FROM THE
    CRIMINAL ACTIVITY. SEE U.S.S.G. 3B1.2

Petitioner Billy G.Biggs would further submit that the record would consisently support that he was the driver of the offense via the two (2) enhancements he received in the instant case. Petitioner was paid to perform a task of driving (ONLY) and as stated above; he never planned any of the offense, was never a shot-caller, gave any orders, etc... petitioner was the lowest participant of this AID & ABETTED offense, and therefore should be GRANTED such reduction as classified by 3B1.2 NEW AMENDMENT.

## CONCLUSION

Petitioner Billy G.Biggs submit that he has made a prima facie showing that he should receive such reduction and ask this Honorable Court to GRANT this instant motion in the interest of Justice for all that's proper and necessary.

WHEREFORE,PREMIUM CONSIDERED,Petitioner Billy G.Biggs PRAYS that the Honorable Court GRANT this motion via judicial reputation so that complete miscarriage of jutice may not abide on the grounds that petitioner was enhanced beyond measure.

RESPECTFULLY SUBMITTED,

/s/ Billy Biggs

BILLY G. BIGGS

(9)

## PROOF OF SERVICE

I certify that on JULY 28,2016 (date), I mailed a copy of this document and all attachments via first class mail to the following parties at the addresses listed below.

## INCARCERATED LITIGANT

Pursuant to 28 U.S.C §1746. I declare under the penalty of perjury under the laws of the United States that the foregoing is true and accurate.

Dated JULY 28,2016

(Signature)